UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 12-cv-81072-HURLEY/HOPKINS

FLORIDA MARINE TECH, INC., OF THE PALM BEACHES,

    Plaintiff,

vs.

*M/Y ISLAND CLAN,* her boats, engines, tackle, equipment, apparel, furnishings, freights, and appurtenances, *in rem*,

    Defendant.

_____/

PNC BANK as successor in interest to
NATIONAL CITY BANK,

    Intervening Plaintiff,

vs.

*M/Y ISLAND CLAN*, U.S.C.G. Official Number 1116778,
her engines, tackle, furniture, apparel, tender, appurtenances,
*in rem,*

    Defendant.

_____/

PNC BANK as successor in interest to NATIONAL CITY BANK,

    Cross-Plaintiff,

vs.

FLORIDA MARINE TECH, INC., OF THE PALM BEACHS,

    Cross-Defendant.

_____/

PNC BANK as successor in interest to NATIONAL CITY BANK,

    Third-Party Plaintiff,

vs.

MICHAEL E. MCLAUGHLIN, *in personam,*

    Third-Party Defendant.

_____/

**PNC BANK'S MOTION FOR FINAL DEFAULT JUDGMENT OR
SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT
AGAINST THIRD PARTY DEFENDANT, MICHAEL E. MCLAUGHLIN**

    Pursuant to *Fed. R. Civ. P.* 55(b) and 56(a), Intervening Plaintiff/Cross-Claimant/Third-Party Plaintiff, PNC Bank ("PNC" or "Bank"), requests the Court to enter final default judgment, or final summary judgment in its favor against Third Party Defendant, Michael E. McLaughlin, and order the U.S. Marshal to sell the *in rem* Defendant, *M/Y Island Clan,* and shows:

    1.    On October 25, 2013, PNC filed its Motion for Summary Judgment and Motion for the Court to Order the Marshal to Sell the Vessel. DE 41. At that time, PNC had yet to serve process on McLaughlin so the motion did not include him.

    2.    On November 7, 2013, PNC served the Third Party Summons and Third Party Complaint on Third Party Defendant, Michael E. McLaughlin.

    3.    On December 2, 2013, the Clerk entered default against McLaughlin for his failure to appear or defend. DE 65.

    4.    No one has filed a response in opposition to PNC's pending Motion for Summary Judgment.

    5.    PNC is filing this Motion for Final Default Judgment or Supplemental Motion for Summary Judgment against McLaughlin based on the default <u>and</u> his failure to file an opposition to defend his interest in the Vessel.

2

6.     PNC incorporates by reference the uncontroverted material facts and memorandum of law from the Motion for Summary Judgment (DE 41) into this motion pursuant to *Fed. R. Civ. Proc.* 10(c).

7.     Further, PNC incorporates by reference the Affidavit of Todd J. Cook (DE 42) and the Affidavit of Shane Hunt (DE 59) in support of this motion pursuant to *Fed. R. Civ. Proc.* 10( c).

8.     PNC is owed the principal balance of $159,722.52. See DE 42 at ¶ 18. PNC is owed interest of $4,484.69 as of October 25, 2013. See DE 42 at ¶ 19. Interest accrues at the rate of $22.5361 per day. See DE 42 at ¶ 20. For the period of October 26, 2013 through December 2, 2013, PNC is owed (additional) interest of $856.37. See DE 42 at ¶ 20 and multiply this per diem sum times 38 days.

9.     **PNC is owed the sum of $165,063.58, which is the principal and interest owed up through December 2, 2013.** PNC is also entitled to recover its attorney's fees, court costs, and *custodia legis* expenses from the Vessel and McLaughlin but these sums will not be known for certain until the Vessel's sale is confirmed by the Court and the Vessel released from arrest. PNC therefore reserves its right to ask for a deficiency or supplemental judgment from the Court after the Marshal sells the Vessel.

WHEREFORE, Intervening Plaintiff/Cross-Claimant/Third-Party Plaintiff, PNC Bank, requests the Court for the following relief:

1.     Enter a final summary judgment in the amount of $165,063.58 in PNC Bank's favor against the *in rem* Defendant, *M/Y Island Clan*, and the Third Party Defendant, Michael E. McLaughlin;

    2.      Order the U.S. Marshal to sell the Vessel as soon as permitted by the Local Admiralty Rules;

    3.      Permit PNC Bank to credit bid its judgment at the U.S. Marshal's sale;

    4.      Prohibit Florida Marine Tech from credit bidding at the Marshal's sale on the grounds PNC Bank has a higher ranking lien or superior right to credit bid its judgment at the sale;

    5.      Issue a declaratory judgment that makes the makes the following findings or declarations:

        a.      Florida Marine Tech has a duty under 46 U.S.C. § 31325(d)(1) and/or the general maritime law to give actual notice of this action to the Court so the Court can direct the manner by which actual notice of this suit will be given to PNC;

        b.      Florida Marine Tech has a duty under either 46 U.S.C. § 31325(d)(1) and/or the general maritime law to give actual notice of this action to PNC so the Bank can timely intervene to assert its preferred ship mortgage lien against the Vessel;

        c.      Florida Marine Tech breached its duty by not informing the Court of PNC's preferred ship mortgage as required by 46 U.S.C. § 31325(d)(1) and/or general maritime law;

        d.      Florida Marine Tech breached its duty under 46 U.S.C. § 31325(d)(1) and/or the general maritime law by not giving actual notice of this suit to PNC Bank;

e. PNC did not know about Florida Marine Tech's suit against the Vessel until National Liquidators told the Bank about the action on or about July 16, 2013;

f. Florida Marine Tech's failure to give actual notice of this suit to PNC resulted in the unnecessary accrual of *custodia legis* expenses;

g. Florida Marine Tech is obligated to pay the *custodia legis* expenses accrued from the time the Vessel was arrested on November 27, 2012 up to the July 24, 2013 when PNC intervened in this suit;

h. PNC Bank has a business relationship with National Liquidators and National Maritime Services, which includes National Maritime Services providing custodial services for arrested vessels at reduced rates;

i. PNC Bank never agreed for Palm Beach Yacht Center to provide custodial services to the Vessel at the rates it charged during its role as custodian;

j. Florida Marine Tech is obligated to pay the *custodia legis* expenses in excess of the rates charged by National Maritime Services for the time Palm Beach Yacht Center was the custodian during July 24, 2013 to September 6, 2013;

k. Florida Marine Tech is obligated to pay its pro rata share of the *custodia legis* expenses owed to Palm Beach Yacht Center during its possession of the Vessel from July 24, 2013 to September 6, 2013

   l. PNC's preferred mortgage lien is superior in interest or has a higher ranking to Florida Marine Tech's lien for *necessaries*;

   m. PNC is entitled to credit bid its judgment against the Vessel at the Marshal's sale; and,

   n. If Florida Marine Tech obtains a judgment against the Vessel prior to the Marshal's sale, it will not be allowed to credit bid due to the fact PNC has a superior lien.

6. Reserve jurisdiction so PNC Bank can proceed with obtaining a money judgment against Third-Party Plaintiff, Michael E. McLaughlin; and also for PNC Bank to file a motion for a deficiency or supplemental judgment against McLaughlin.  PNC Bank estimates it will likely ask for a deficiency judgment against McLaughlin in order to recover the balance of its damages, attorney's fees, costs, and *custodia legis* expenses.

Dated:  December 2, 2013.

              Respectfully submitted,

              STROUP & MARTIN, P.A.
              Attorneys for PNC Bank
              119 Southeast 12th Street
              Fort Lauderdale, Florida 33316
              Telephone: (954) 462-8808
              Facsimile: (954) 462-0278
              Email:  fmartin@strouplaw.com

              By: */s/ Farris J. Martin, III*
                 FARRIS J. MARTIN, III
                 Florida Bar No.: 0879916

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with this Court's CM/ECF docketing system this 2nd day of December, 2013 with electronic notice being served this day upon: Donald N. Jacobson, Esq., Donald N. Jacobson, P.A., Counsel for Plaintiff/Cross-Defendant, Florida Marine Tech, Inc. of the Palm Beaches, P.O. Box 1425, West Palm Beach, Florida 33402-1425; and David E. Irwin, Esq., Irwin Law Firm, Counsel for *In Rem* Defendant, *M/Y Island Clan*, and Counsel for Third-Party Defendant, Michael E. McLaughlin, 750 S.E. 3rd Avenue, Suite 301, Fort Lauderdale, Florida 33316.

By: */s/ Farris J. Martin, III*
FARRIS J. MARTIN, III
Florida Bar No.: 0879916